UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JARED M. GALANIS,

        Petitioner,

  -against-

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Respondent.

------------------------------------- X

CASE NO. 13 CIV 543

MEMORANDUM OF LAW IN SUPPORT
OF PETITION FOR ORDER PURSUANT
TO CHALLENGE BY CUSTOMER
JARED M. GALANIS TO S.E.C.
SUBPOENA UNDER RIGHT TO
FINANCIAL PRIVACY ACT, 12 U.S.C.
SECS. 3401 ET SEQ.



This brief is filed in support of the petition by Jared M. Galanis to quash or limit the subpoena issued by the Securities and Exchange Commission ("SEC") on January 10, 2013 and directed to Wells Fargo Bank, N.A. ("Wells Fargo"). The subpoena is attached as Exhibit A to the accompanying declaration of Mr. Galanis in support of this petition. The Subpoena calls for the production of broad categories of documents related to any bank account at Wells Fargo Bank under Mr. Galanis' name or control.

Mr. Galanis objects to the subpoena pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. Sec. 3401 et seq., on the grounds that it is overbroad and does not reasonably describe the documents to be produced, on the ground that it seeks production of documents not reasonably relevant to the law enforcement inquiry stated in the Customer Notice mailed to him, and on the ground that it calls for the production of documents which are private and confidential. Mr. Galanis asks the Court to quash the subpoena or, alternatively, limit its scope.

# FACTS

The SEC Subpoena states that it relates to a matter involving Fund.com, Inc. (Galanis Dec., Exh. A.) The accompanying Customer Notice mailed on January 10, 2013 states that on December 20, 2010, SEC entered a formal order of investigation entitled "Fund.com, Inc." and that the subpoena was issued pursuant to that formal order to assist the Commission in determining the issues set forth in the order. According to the Customer Notice, the formal order states that the SEC deemed certain acts and practices to be in possible violation of securities laws. (Galanis Dec., Exh. B.)

Mr. Galanis is an attorney, admitted to practice in California since 2005 and (as of 2013) the District of Columbia. He does not represent (and has never represented) Fund.com. He has not prepared documents on behalf of Fund.com, or made SEC filings on its behalf. He has not acted as an agent or escrow agent for the company, nor has he held any funds owned by that company. Mr. Galanis is not a party to any litigation involving Fund.com. (Galanis Dec., ¶¶ 1 & 4.)

The SEC Subpoena seeks nine categories of documents "… [w]ith respect to any accounts held in the name of, or under the control of, or for the benefit of Jared M. Galanis" at Wells Fargo Bank prepared, created, used or dated from and after January 1, 2007 to the present. Mr. Galanis maintains both personal accounts and accounts related to his law practice at Wells Fargo Bank. (Galanis Dec., Exh. A.)

Mr. Galanis maintains various accounts at Wells Fargo Bank, including his personal bank and brokerage accounts and an account for the private trust benefitting his mother. None of these accounts have held funds owned by Fund.com. (Galanis Dec., ¶ 5.) There is no reason

why records pertaining to them would reasonably be considered to be related to the investigation of securities law violations by Fund.com.

The accounts of Mr. Galanis' law practice are also held at Wells Fargo. These accounts include his commercial and client trust accounts. His law firm's commercial account is unrelated to any transaction involving Fund.com. Further, Mr. Galanis' client trust account holds funds for clients who have no relationship whatsoever with Fund.com. The account has never held funds owned by Fund.com, and no deposits have ever been received into the account from Fund.com. Mr. Galanis has represented his brother Jason Galanis and companies owned by Jason, and his client trust account has disbursed funds deposited by Jason Galanis' companies from that account, at the direction of the companies, to Fund.com and creditors of Fund.com. (*Id.*)

Mr. Galanis has also been (but no longer is) a co-signer to operating accounts of two of the above-mentioned companies owned by Jason Galanis. No monies from Fund.com were deposited into them as far as Mr. Galanis is aware. Disbursements were made by Mr. Galanis as directed by the companies to his client trust account and, pursuant to further direction from the companies, to Fund.com and its creditors from that account. (*Id.*)

Finally, Mr. Galanis has also, from time to time, been a signatory on the accounts held at Wells Fargo by other businesses (some of which he also represented as counsel) but these businesses have had no relation or transactions with Fund.com. (*Id.*)

## LEGAL ANALYSIS

### A. The Subpoena Seeks Documents Which Are Not Reasonably Relevant To An Investigation Of Securities Law Violations By Fund.com

The Subpoena is overbroad and does not seek documents reasonably relevant to an investigation of alleged securities violations by Fund.com. The nature of relevance inquiry is

discussed in *In re SEC Private Investigation/Application of John Doe re Certain Subpoenas*, No. M8-85, 1990 WL 119321 (S.D.N.Y. Aug. 10, 1990) ("*In re John Doe*"). The moving party customer need not offer a detailed evidentiary showing, but must show a factual basis for his conclusion that the records are irrelevant. (*In re John Doe*, 1990 WL 119321, at *2.) Once the moving party satisfies this burden, the government agency is required to show that there is a reasonable belief that the records sought are relevant to its investigation. (*Id.*)

Mr. Galanis has described the nature of his accounts (and accounts on which he has been a signatory) at Wells Fargo Bank. Many of these accounts have nothing whatsoever to do with Fund.com, and none can be said to be reasonably relevant to an investigation of securities violations by that company. The RFPA requires the government to reasonably describe with as much specificity as possible the financial records which it seeks to subpoena. (12 U.S.C., § 3402; *see, Hunt v. United States Securities and Exchange Commission*, 520 F. Supp. 580, 603 (N.D.Tex. 1981).) The Subpoena in this case indiscriminately seeks all account information relating to Mr. Galanis maintained by Wells Fargo Bank and should be quashed or limited.

### 1. Mr. Galanis' Personal Accounts.

Mr. Galanis' accounts with Wells Fargo include his personal banking and brokerage accounts. No funds owned by Fund.com were ever held in these accounts, and there is no reason to believe that any of Mr. Galanis' personal banking information is relevant to an investigation of securities violations by Fund.com.

### 2. The Family Trust Account.

Similarly, the family trust account held by Mr. Galanis as Trustee for the benefit of his mother is wholly unrelated to Fund.com. There is no reason to believe that documents pertaining to that trust are relevant to the SEC investigation of Fund.com.

3. **Accounts Relating To Mr. Galanis' Law Practice.**

As an attorney, Mr. Galanis maintains commercial and client trust accounts for his law practice at Wells Fargo Bank. Mr. Galanis is bound to maintain the attorney-client relationship established with his clients and, in addition, to maintain their confidentiality. The Subpoena as to those accounts should be quashed as well.

Intrusion by the government into these accounts should not be lightly considered. This is especially the case here because Mr. Galanis never represented Fund.com and, in fact, as a lawyer he represented the "other side" (the companies owned by Jason Galanis) in transactions with that company. He never acted as an agent for Fund.com and never held funds owned by it. Transfer of funds to Fund.com or its creditors by Mr. Galanis on behalf of certain clients does not create any reason to believe that the documents concerning accounts holding these funds are relevant to securities laws violations by that company.

Further, even if relevancy could be established, the Subpoena is overbroad and seeks information regarding funds held in Mr. Galanis' attorney trust account for clients having nothing to do with Fund.com or any transaction with that company. Clients rightfully expect that all matters conducted between them and their attorney will remain confidential. Accordingly, even if the Subpoena is not quashed in its entirety with respect to Mr. Galanis' attorney account, it should be at least limited to documents relating to the actual transfer of funds from that account to Fund.com or its creditors.

4. **Third Party Accounts Over Which Mr. Galanis Had Signature Authority.**

The Subpoena should also be quashed as to accounts of companies over which Mr. Galanis had signature authority. None of these accounts received transfers of funds from Fund.com, and Mr. Galanis did not act as an agent of Fund.com with respect to any of them.

Only two of these accounts (held by companies owned by Jason Galanis) were involved in transactions involving Fund.com, and then only with respect to the disbursement of funds to Mr. Galanis' client trust account for later disbursement to Fund.com or its creditors. There is no basis to believe that documents relating to these accounts are relevant to the investigation of securities law violations by Fund.com, and the Subpoena should be quashed as to these accounts or, at minimum, limited to those two companies transacting business with Fund.com.

## CONCLUSION

For the foregoing reasons, Jared Galanis respectfully asks that the Subpoena be quashed or limited as described above.

Dated: New York, New York.
January 24, 2013

Respectfully submitted,

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Andrew L. Margulis

ANDREW L. MARGULIS (AM 9234)
750 Third Avenue, 25th Floor
New York, NY 10017
(212) 668-5927
amargulis@rmkb.com

Attorneys for Petitioner
JARED M. GALANIS