USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JARED M. GALANIS, :
:
                      Petitioner, : 13 Civ. 543 (JMF)
:
              -v- : MEMORANDUM OPINION
: AND ORDER
UNITED STATES SECURITIES AND EXCHANGE :
COMMISSION, :
:
                      Respondent. :
                                                    X
---------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

       This matter arises out of the an ongoing investigation by the United States Securities and Exchange Commission ("SEC") into possible fraud involving the officers, directors, and controlling shareholder of a public company known as Fund.com, Inc. (SEC Response 1 (Docket No. 6)). The SEC is investigating "potentially false or misleading statements in Fund.com's public filings about certain transactions and the value of certain assets, namely a purported $20 million certificate of deposit issued by a bank in Antigua, which was the company's primary asset." (*Id.*). On December 20, 2010, the SEC issued a Formal Order of Investigation Directing Private Investigation and Designating Officers to Take Testimony in the investigation captioned In the Matter of Fund.com (NY-8452) ("Formal Order").

       Companies owned by Petitioner's brother, Jason Galanis, largely provided the financing for Fund.com's $20 million certificate of deposit. Moreover, Jason Galanis owns the corporation that is the controlling shareholder of Fund.com. Petitioner has served as attorney for his brother and his brother's companies, and has transferred funds to Fund.com on behalf of his brother's companies. (Galanis Decl. 3 (Docket No. 1-1)). On January 10, 2013, pursuant to authority

under the Formal Order, the SEC issued a subpoena to Wells Fargo Bank for Petitioner's financial records as part of its effort to trace Fund.com's financing. (*Id.* at 1).

On January 24, 2013, Petitioner filed the instant Petition pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. 3410(a), seeking to quash the subpoena or, in the alternative, limit its scope. (Docket No. 1). The SEC filed its response on February 7, 2013 (Docket No. 6), and Petitioner filed a reply brief on February 12, 2013. (Docket No. 8). To reduce the delay to agency investigations such as the one at issue here, the RFPA requires a court to rule on a motion of this sort within seven days of the SEC's response to the motion. *See* 12 U.S.C. § 3410(b). In this case, that deadline is February 14, 2013.

Upon due consideration of the parties' respective papers, the Petition is denied. As the SEC's submission makes clear, there is plainly "a demonstrable basis to believe that the SEC is pursuing a legitimate inquiry" and "the SEC has a reasonable belief that the requested documents are relevant to that inquiry." *Feiner v. SEC*, No. 12-mc-0354 (KMK), 2012 WL 5511003, at *2 (S.D.N.Y. Nov. 13, 2012) (describing the standards applicable to a motion under the RFPA). Petitioner's arguments to the contrary are virtually indistinguishable from those rejected by Judge Karas in *Feiner*. For substantially the reasons stated in that well-reasoned opinion, Petitioner's arguments are without merit.

Accordingly, the Petition is DENIED and DISMISSED. The Clerk of Court is directed to terminate this case.

SO ORDERED.

Dated: February 13, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge